**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1887-16T4

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

ANTHONY L. SLEDGE, a/k/a
SLEDGE, LEWIS SLEDGE, and
ANTHONY LEWIS,

      Defendant-Appellant.

_____

Submitted October 17, 2018 – Decided August 13, 2019

Before Judges Fuentes and Vernoia.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 11-04-0765.

Joseph E. Krakora, Public Defender, attorney for appellant (Andrew Robert Burroughs, Designated Counsel, on the brief).

Theodore N. Stephens, II, Acting Essex County Prosecutor, attorney for respondent (Matthew E. Hanley, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Anthony Sledge appeals from an order entered by the Law Division, Criminal Part denying his post-conviction relief (PCR) petition. We affirm.

On April 19, 2011, an Essex County grand jury indicted defendant and charged him with first degree robbery, N.J.S.A. 2C:15-1, second degree aggravated assault, N.J.S.A. 2C:12-1(b)(1), second degree attempted sexual assault, N.J.S.A. 2C:5-1, N.J.S.A. 2C:14-2(c)(1), third degree aggravated criminal sexual contact, N.J.S.A. 2C:14-3(a)(3), third degree criminal restraint, N.J.S.A. 2C:13-2, fourth degree stalking, N.J.S.A. 2C:12-10(b), and fourth degree impersonating a police officer, N.J.S.A. 2C:28-8. On November 29, 2011, defendant pled guilty to first degree robbery and third degree aggravated criminal sexual contact. In return, the prosecutor agreed to recommend the court sentence defendant to a term of imprisonment of six years, subject to an eighty-five percent period of parole ineligibility and five years of parole supervision as required by the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

On March 23, 2012, before the sentencing hearing, defendant retained new counsel and moved to withdraw his guilty plea. On June 25, 2012, the court reviewed the motion under the standards in State v. Slater, 198 N.J. 145, 157-58

(2009), and found no grounds to allow defendant to withdraw his guilty plea. On November 30, 2012, the court sentenced defendant in accordance with the plea agreement. On January 31, 2013, defendant appealed the sentence imposed by the court and the denial of his motion to withdraw his guilty plea under the summary procedural process codified in Rule 2:9-11. We affirmed the trial court's decision in an order entered on May 13, 2013.

Defendant filed this pro se PCR petition on May 6, 2015. Defendant alleged his first trial counsel was ineffective when he failed to file a motion to suppress. The vicinage's Assignment Judge entered an order that same day assigning counsel to represent defendant in the prosecution of his PCR petition. The matter came for oral argument before the PCR judge on February 16, 2016. PCR counsel argued that defendant was entitled to an evidentiary hearing based on the following statement that is part of the order entered by this court upholding the trial court's denial of defendant's Slater motion:

> Finally, we note that defendant's arguments from the [t]rial [c]ourt suggests the attorney who represented him at the time of his plea provided ineffective assistance.
>
> Because these claims, [mis-advise] about the length of the sentence that was accurately described on the record at the time of the plea, and the [attorney's] failure to review discovery with defendant rest on matters outside

the record, if defendant wishes to assert them he should do so by way of a petition for post[-]conviction relief.

The judge asked PCR counsel if this "reference to the Appellate Division" should be construed as "mandating that there be a hearing . . . [.]" PCR counsel responded that it was his position that "there should be an evidentiary hearing based clearly . . . inferentially . . . if not stated, that since the matters were outside of the record that . . . a hearing should be held." The PCR judge rejected this interpretation and stated: "the Appellate Court is not mandating that I . . . conduct a hearing, only that these PCR matters be considered by virtue of PCR as opposed to by way of appeal[.]" The State relied on its brief.

On July 17, 2017, the PCR judge considered additional oral argument from defendant's new counsel. Defendant's new PCR counsel argued the request for relief was based on defendant's observation of his trial counsel "to be in an intoxicated or bizarre state." According to defendant, his attorney's intoxicated or dysfunctional state of mind prevented him from properly investigating the case and filing motions on his behalf. Defendant also alleged his trial attorney promised him he would not serve more than three years imprisonment subject to NERA. PCR counsel argued that during the time of plea negotiations, defendant's trial attorney was "admitted in[to] Hackensack Hospital for his . . . problems with alcohol and drugs or whatever it was that he was seeking

4

assistance for at the time." PCR counsel also claimed that trial counsel eventually "surrender[ed] his law license." Finally, PCR counsel alleged that trial counsel should have requested an evidentiary hearing to challenge the search warrant pursuant to Franks v. Delaware, 438 U.S. 154 (1978).

The State refuted all of PCR counsel's claims. The prosecutor emphasized that defendant did not present any competent evidence to support his claim that his trial attorney was mentally unstable and intoxicated at the time he represented him during plea negotiations and at the plea hearing. The prosecutor characterized as "baseless" defendant's claim that his trial counsel received treatment for drug addiction. Because defendant did not establish a prima facie case of ineffective assistance under prong one of Strickland v. Washington, 466 U.S. 668 (1984), the State argued he was not entitled to an evidentiary hearing.

In an order-opinion dated August 31, 2017, the PCR Judge found defendant did not make out a prima facie case of ineffective assistance of trial counsel. The judge distilled defendant's argument in support of PCR to five allegations against trial counsel: (1) bizarre conduct; (2) failure to investigate the case; (3) failure to file a motion attacking the validity of the search warrant; (4) the guilty plea was not made in a knowing and voluntary manner; and (5)

these cumulative errors deprived him of effective assistance of counsel. The PCR Judge addressed each allegation and found no legal basis or factual support to conduct an evidentiary hearing.

With respect to the allegations of inebriation or mental instability against the trial counsel, the PCR Judge specifically noted that "the Appellate Division also found no merit to this argument in light of [defendant's] acknowledgement of the anticipated sentence on the record at the time of the plea." The judge found defendant's allegations of trial counsel's failure to investigate the case and his attacks on his guilty plea were equally unsupported by the record. The PCR Judge ultimately rejected the remaining arguments as baseless and legally without merit.

Defendant now raises the following arguments in this appeal.

POINT I

AS DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL

(1) Trial counsel's bizarre conduct denied Petitioner a fair and reliable proceeding.

(2) Defendant's attorney failed to investigate the case.

(3) Trial counsel failed to file any motions on behalf of his client.

6

(4) The guilty plea was not knowingly and intelligently made because pela [sic] counsel failed to provide discovery and review the case with him.

[(5)] Trial counsel's cumulative errors denied Defendant effective . . . assistance of counsel as guaranteed by the Sixth Amendment.

POINT II

AS THERE ARE GENUINE ISSUES OF MATERIAL FACTS IN DISPUTE, AN EVIDENTIARY [SIC] WAS ENTITLED TO AN EVIDENTIARY HEARING.

To prevail on a claim of ineffective assistance of counsel under the two-prong standard in Strickland, defendant must first demonstrate that his trial counsel's performance was deficient. 466 U.S. at 687. Second, he must show there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Our Supreme Court has also held that a PCR court should exercise its discretionary authority to conduct an evidentiary hearing under Rule 3:22-10 when the material facts underpinning defendant's claim of ineffective assistance of counsel lie outside the trial record and require the attorney's testimony. State v. Preciose, 129 N.J. 451, 462 (1992).

A-1887-16T4

Here, we are satisfied the PCR court correctly found defendant did not establish a prima facie case of ineffective assistance of trial counsel. The judge did not abuse his discretion in concluding defendant was not entitled to an evidentiary hearing. We affirm substantially for the reasons expressed by the PCR Judge in his memorandum of opinion and order dated August 31, 2017.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION